UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-78-TLS |
| | ) | |
| SHAFT JONES | ) | |

**OPINION AND ORDER**

Defendant Shaft Jones was convicted of various drug-related crimes and sentenced to 270 months in prison (*See* ECF No. 205.) The Defendant has now filed a Motion Requesting a Copy of in Limine Motion [ECF No. 235]. In his Motion, Defendant "seeks a copy of defense counsel (In limine Motion) filed on behalf of the defendant in relationship to Respondent's motion filed In Limine at Docket's #109 and #110 in the above entitled case." (Motion 1.) He also requests "a copy of any In Limine motion submitted on behalf of the defendant which relates to any and all pre-trial issues previously involved in this case, specifically as a reference point's related to Docket's #109 and #110." (*Id.*)

The Court notes that the documents that the Defendant seeks do not appear to exist. No motions in limine were filed on behalf of the Defendant, and there are no further docket entries that relate to the Government's sole Motion in Limine, which is docket entry 109. However, even if the documents did exist, the Defendant has not satisfied the requirements for obtaining free copies of them from the Court.

There are three pre-requisites a defendant must satisfy before the Court will provide free copies of documents, including (1) exhausting all other means of access to his files, (2) being financially unable to secure access to his court files, and (3) showing that the documents are necessary for the preparation of some specific, non-frivolous court action. *See United States v.*

*Wilkinson*, 618 F.2d 1215, 1289–19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977).

There is no indication in the Defendant's Motion that he has attempted to contact his trial counsel for copies of the documents he seeks. Thus, the Defendant has not exhausted all other means of access to his files. The Defendant also has not successfully demonstrated that he is financially unable to secure access to his court files as he has not filed a petition to proceed in forma pauperis. *See United States v. Williams*, No. 3:08-CR-72, 2009 WL 4506336, at *1 (N.D. Ind. Nov. 30, 2009) (denying motion for transcript where defendant did not provide documentation supporting claim of indigency). Further, the Defendant has failed to demonstrate to the Court that the documents he seeks are necessary for the preparation of some specific, non-frivolous court action; in fact, he has not even referenced a court action. Thus, the Defendant has failed to meet any of the three prerequisites for obtaining free copies of the documents he seeks.

## CONCLUSION

For these reasons, the Court DENIES the Defendant's Motion Requesting a Copy of in Limine Motion [ECF No. 235].

SO ORDERED on January 26, 2018.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT